IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WAYNE WALKER-EL,                    :

    Plaintiff,                      :

vs.                                 :   CIVIL ACTION 03-0570-BH-M

NAPHCARE, INC., et al.,             :

    Defendants.                     :


<u>REPORT AND RECOMMENDATION</u>


This action is before the Court on Plaintiff's Motion for Leave to Amend (Doc. 54), which has been referred for appropriate disposition to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended the motion be denied for the reasons set forth herein.

I.  <u>Nature of Proceedings</u>.

In the Motion for Leave to Amend (Doc. 54), Plaintiff seeks to add Prison Health Care, Inc. ("PHC") as a Defendant. Plaintiff states that on February 7, 2005, he learned from Defendants' response to discovery that Naphcare, Inc.'s contract with the Alabama Department of Corrections ("ADOC") ended in November, 2003, and at that time PHC's contract with ADOC began.  Plaintiff claims that after his hip and back surgery, PHC has not provided treatment for his "serious

medical needs" or the therapy he has requested, which has caused him to suffer with pain and to walk in a bent-over position.  For this, Plaintiff seeks $2 million.

Initially in this action, Plaintiff sued Naphcare, some of its doctors and nurses, and prison officials for the alleged inadequate medical treatment he received from October 21, 2002, until he received surgery on September 22, 2003, which was during the time when Defendant Naphcare had a contract with ADOC to provide medical care to inmates.

II. <u>Analysis</u>.

A. <u>Rule 19(a)</u>.

The addition of a new party is governed by Rules 19 and 20 of the Federal Rules of Civil Procedure.  Rule 19(a) states:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed

2

interest.

"Rule 19 provides for the joinder of an indispensable party. . . ." *In re Torcise,* 116 F.3d 860, 865 (11th Cir. 1997).  In making the determination of indispensability, "pragmatic considerations, especially the effect on parties and on litigation," govern.  *Id.*  "[A] court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him." *Id.* at 866.

The first consideration is whether complete relief can be accorded the original parties if the putative Defendant is not added.  Fed.R.Civ.P. 19(a)(1).  In the present situation, the Court finds complete relief can be obtained with the original parties.  Plaintiff has requested damages from the original Defendants, which may be accomplished without the inclusion of PHC who has not been shown to have any connection to Plaintiff or to Defendants when Defendant Naphcare had the contract with ADOC.  *See Diaz v. Schwerman Trucking Co.,* 709 F.2d 1371, 1375 (11th Cir. 1983) (finding the union was not needed as a party to award back pay from employer to employees).

The second aspect of "Rule 19(a) focuses on possible prejudice either to the absent party, Rule 19(a)(2)(i), or the present litigants, Rule 19(a)(2)(ii)." *Challenge Homes, Inc.*

3

*v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670 (11th Cir. 1982). Plaintiff does not contend PHC would be prejudiced in its ability to protect its interests if it is not joined. Due to this failure, the Court is placed in the position of being required to speculate, which the Court declines to do. Notwithstanding, the Court observes that since PHC is not a party to this action, it "will not be legally bound by the judgment under principles of res judicata or collateral estoppel." *Id.* Concerning the prejudice the present litigants may suffer by way of multiple or inconsistent obligations, Plaintiff does not maintain that there is a substantial risk of the parties incurring additional or inconsistent obligations if the putative Defendant is not a party to this action. Again, by this failure, the Court is placed in the position of having to speculate. Nevertheless, it is difficult for the Court to discern that the present litigants would incur additional or inconsistent obligations by PHC not being a party to this action because the claims against each group of Defendants is different. *Cf. Torcise,* 116 F.3d at 865-66 (finding the party was indispensable because it possibly would have to disgorge funds twice to two different parties).

Accordingly, the undersigned finds PHC is not an

4

indispensable party to this action.  Therefore, its joinder should not be allowed under Fed.R.Civ.P. 19(a).

     B.  <u>Rule 20(a)</u>.

     Joinder of parties may also be had under Fed.R.Civ.P. 20(a), which provides, in part:

> (A) Permissive Joinder. . . . All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transaction or occurrence and if any question of law or fact common to all defendants will arise in the action. . . .

Even though this rule is liberally construed to favor joinder, "'there is no strict rule for determining what constitutes the same transaction or series of transactions for the purposes of Rule 20(a).'" *Atchinson v. Woodmen of the World Insurance Society, C.F.,* 982 F.Supp. 835, 839 (S.D. Ala. 1997) (quoting *Apache Products Co. v. Employers Ins. of Wausau,* 154 F.R.D. 650, 659 (S.D. Miss. 1994)).  Each action is examined individually to ascertain if the claims are logically related, thus permitting "'all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'"  *Id.* (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure 2d §*

1653).

In the present action, the original claims are against
entities that were treating Plaintiff prior to his surgery
while Naphcare had a contract with ADOC.  Whereas, PHC became
the inmate medical provider after Naphcare no longer had the
contract with ADOC, and the claims against PHC arose after
Plaintiff's surgery.  The only connection perceived by the
Court between the original Defendants and the putative
Defendant is Plaintiff's hip and back condition, but
Plaintiff's medical condition does not appear to present
itself in the same manner to the putative Defendant as it did
to the original Defendants.  And some of the treatment
Plaintiff is seeking from PHC, i.e., therapy, is different
treatment than he sought from the other Defendants.
Accordingly, the undersigned finds the claims against PHC did
not arise out of the same transaction or occurrence or series
thereof.  *See Turpeau v. Fidelity Financial Services, Inc.*,
936 F.Supp. 975, 978 (N.D. Ga.) (denial of joinder under Rule
20(a) because each plaintiff bought excess life insurance from
different defendants), *aff'd*, 112 F.3d 1173 (11th Cir. 1997);
*cf. Abner Realty, Inc. v. Administrator of General Serv.
Admin.,* No. 97 CIV. 3075 (RWS), 1998 WL 67663, at * 9-10
(S.D.N.Y.  Feb. 18, 1998) (unpublished) (finding a claim must

be stated against a defendant in order to allow the joinder of

defendant under Rule 20(a)).  Thus, PHC should not be joined

under Rule 20(a).

III.  <u>Conclusion</u>.

Based upon the foregoing reasons, it is recommended that

Plaintiff's Motion for Leave to Amend (Doc. 54) be denied.

Furthermore, it is the undersigned's opinion that any claims

Plaintiff may have against PHC should be brought in another

action.  Plaintiff filed this action on August 26, 2003.

Thus, his amendment comes late in the litigation of his

original claims.  And the two-year statute of limitations has

not expired on his claim against PHC.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation
or anything in it must, within ten days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a *de novo*
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the
factual findings of the magistrate judge.  *See* 28 U.S.C. §
636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.
1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B,
1982)(*en banc*).  The procedure for challenging the findings
and recommendations of the magistrate judge is set out in more
detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a
magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by
filing a "Statement of Objection to Magistrate

7

Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of June, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

8